**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-00725-004-TUC-JCH (LCK) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Brandon Sanders, | |
| Defendant. | |

Trial is set to begin on February 10, 2025. *See* Doc. 146. Defendant faces one count of conspiracy to transport illegal aliens for profit placing in jeopardy the life of any person in violation of 8 U.S.C. §§ 1324(a)(1)(A)(V)(1), 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii). *See* Doc. 60. Before the Court is the Government's Motion in Limine Re: A-File Documents ("Motion Re: A-Files") (Doc. 186) and Supplement to its Motion in Limine Re: A-File Documents ("Supplement") (Doc. 219). Also before the Court is the Government's Motion in Limine to Preclude Argument/Evidence Regarding Undocumented Non-Citizens Not Being Detained as Material Witnesses ("Motion Re: Material Witnesses") (Doc. 214). On February 3, 2025, the Court heard oral argument on these motions at the final pretrial conference and took them under advisement. *See* Doc. 222. For the following reasons, the Court will grant the Government's Motion Re: A-Files and Supplement and grant the Government's Motion Re: Material Witnesses.

///

///

## I. Motion Re: A-Files

In its Motion Re: A-Files, the Government seeks to introduce and admit at trial documents from the administrative files ("A-Files") of certain aliens in this case, including records related to their removal and identity. Doc. 186 at 1. First, the Government seeks to admit the 2021 "I-213s (Records of Deportable/Inadmissible Alien) for all six aliens picked up by the undercover officer" on August 26, 2021. *Id.* At the final pretrial conference, Defendant stipulated to the admissibility of these documents.

The Government also intends to introduce an I-860, I-296, and an additional I-213 from 2024 for Elmer Cruz, an alien in the undercover load who reentered the country, which generated additional removal documents in 2024. *See* Doc. 219. Defendant does not argue against the admissibility of the 2024 documents. Instead, Defendant objects to the expert fingerprint testimony the Government intends to introduce linking the 2021 and 2024 I-213s to Elmer Cruz.

### A. A-Files

Federal Rule of Evidence 803(8) governs the public records exception to the rule against hearsay. It provides, in relevant part, that a record or statement of a public office is admissible as nonhearsay if (1) it sets out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel" and (2) "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *United States v. Torralba-Mendia*, 784 F.3d 652, 665 (9th Cir. 2015); U.S. Const. Amend. VI. The Sixth Amendment "prohibits the introduction of testimonial statements by a nontestifying witness, unless the witness is unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). A statement is testimonial "when it was made under circumstances which would lead an objective witness reasonably to believe that the

statement would be available for use at a later trial." *Torralba-Mendia*, 784 F.3d at 665 (internal citation and quotation omitted). "[P]ublic records are normally non-testimonial because they are created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id*. at 665-66.

The Ninth Circuit has "repeatedly held that immigration documents contained in an alien's A-file are non-testimonial because they are not made in anticipation of litigation, and because they are simply a routine, objective cataloging of an unambiguous factual matter." *Torralba-Mendia*, 784 F.3d at 666. Ninth Circuit precedent has identified specific documents that are admissible under this standard. *See, e.g.*, *Torralba-Mendia*, 784 F.3d at 665 (holding I–213 forms were non-testimonial and admissible under Rule 803(8)); *United States v. Lopez*, 762 F.3d 852, 801 (9th Cir. 2014) (holding Notice to Alien Ordered Removed/Departure Verification (Form I–296) was non-testimonial); *United States v. Orozco–Acosta*, 607 F.3d 1156, 1164 (9th Cir.2010) (holding warrants of removal were nontestimonial). When the forms are redacted to remove "any alien statements about their country of origin, or any admission that they were in the United States illegally . . . there is no need to determine if the aliens' statements qualify for a hearsay exception." *Torralba-Mendia*, 784 F.3d at 665.

Provided the Government lays the proper foundation, the I-213, 1-296, and I-860 forms are admissible pursuant to the public-records exception to the rule against hearsay. *See* Fed. R. Evid. 803(8); *Torralba-Mendia*, 784 F.3d at 664–65; *Lopez*, 762 F.3d at 860–63. The Government must, however, redact all material witness statements and officer narration from the forms in accordance with *Torralba-Mendia*. *Id*. After such redaction, the forms are admissible for the "ministerial, objective observation[s]" contained therein. *Id.* at 664–65.

### B. Expert Testimony

The deadline for filing of expert witnesses for both parties in this case was November 26, 2024. *See* Doc. 142; *see also* L.R. Crim. 16.3(b). Federal Rule of Criminal Procedure 16(a)(1)(G)(ii) provides the time for government expert disclosure "must be

sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." "A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if (1) the evidence or material is subject to discovery . . . and (2) the other party has previously requested or the court has ordered its production." Fed. R. Crim. P. 16(c); 16(a)(1)(G)(iv).

Though the Government disclosed the 2021 I-213s in March 2024, the 2024 removal documents for Elmer Cruz were not generated until September or October 2024. The parties reviewed the contents of the electronic A-Files in late January 2025, and the Government received the physical A-Files the week of January 27, 2025. *See* Doc. 210. On January 31, the Government filed a Supplemental Notice of Expert Witnesses Re: Fingerprint Analyses. Doc. 218. The Government received the expert witness's report on January 31, 2025, and disclosed the report to Defendant the same day. Defendant has not yet challenged the expert's qualifications, nor the reliability or relevance of her opinions. Defendant argued only that admitting the expert testimony would be prejudicial because the date of disclosure does not leave defense counsel with sufficient time to analyze the evidence and, if necessary, find a defense expert before trial.

In response, the Government asserts that because the 2024 removal documents for Elmer Cruz were not generated until fall 2024, the parties were only able to review the electronic A-Files in late January, and the Government did not receive the physical copy of the A-Files until a week before the final pretrial conference, it was unaware of its need for expert testimony on fingerprint analysis until recently. Further, the Government disclosed the expert's report on the same day it received the report, January 31, 2025. Defendant does not contend the Government improperly withheld the disclosure or acted in bad faith.

At this time, it does not appear that any unfair prejudice will result from the admission of the Government's expert fingerprint analysis testimony. Expert fingerprint analysis is generally straightforward and noncontroversial. Here, as the Court understands it, the expert would simply compare the fingerprint samples and testify that they are a

match. At the final pretrial conference, the Court advised defense counsel that it would approve a request to retain a fingerprint expert for the defense, and defense counsel indicated that he was in the process of identifying potential experts. Though defense counsel argued that this is a burden as the defense addresses other tasks in preparation for trial, the Court allowed the defense co-counsel in this case. Given the additional attorney, defense counsel should be more than able to address this straightforward issue and prepare for trial. Accordingly, the Court will allow the Government's fingerprint expert to testify at trial subject to the Federal Rules of Evidence. If, after consulting with a fingerprint expert, Defendant believes a continuance is needed, he may file a motion to continue. Before doing so, however, counsel must meet and confer to consider ways to satisfy Defendant's concerns and, if possible, avoid a continuance.

**II.      Motion Re: Material Witnesses**

In its Motion Re: Material Witnesses, the Government seeks to "preclude any argument or evidence at trial related to the undocumented non-citizens who were picked up by the undercover agent on August 26, 2021 not being held as material witnesses." Doc. 214 at 1.

On August 26, 2021, an undercover Homeland Security and Investigations ("HSI") Special Agent acting undercover ("UCA") began coordinating the pickup of a group of aliens with Snapchat user "Get-_-Big." Doc. 214 at 1. The UCA followed Get-_-Big's instructions, picked up the aliens, and was purposefully intercepted by HSI and Border Patrol. *Id.* After Border Patrol processed the aliens and determined they had no legal authorization to enter or remain in the United States, the aliens were removed from the United States pursuant to the 42 U.S.C. § 265 authority exercised during COVID-19. *Id.* At the time the UCA was intercepted, HSI did not know the identity of Get-_-Big. *Id.* at 2. On September 7, nearly two weeks after the undercover load, HSI received subpoenaed phone records listing Fabien Martinez as the user of the Get-_-Big account. *Id.* After further investigation and conducting an extraction on Martinez's phone, HSI discovered the conversations between Martinez and "Driver 2." *Id.* at 2–3. Sometime between October 15

and October 27, 2021, the Government preliminarily identified "Driver 2" as Defendant Brandon Sanders. *Id.* at 2–3.

The Government argues that because no defendant had been identified and no criminal proceeding initiated at the time the undercover agent was intercepted, it had no legal mechanism to detain the aliens under 18 U.S.C. § 3144. *See* Doc. 214 at 3–4. Accordingly, the Government contends argument that the Government could have, but chose not to, detain the passengers as material witnesses is incorrect, irrelevant, would waste time, and would confuse the jury with an unnecessary discussion about the intricacies of the statutes and general orders related to material witnesses. *Id.* at 4–5.

Defendant disagrees and counters that the Government had the legal means to detain the aliens under 18 U.S.C. § 3144 and District Court of Arizona General Order 11-15. Doc. 216 at 3. According to Defendant, because Get-_-Big was identified within the time period during which the Government would have been able to detain the aliens, the Government had both a reason and the mechanism to do so. *Id.* Defendant further argues that this evidence is relevant because the Government "could, and arguably should" have detained the passengers of the UCA's load, and their testimony is directly relevant to proving alienage, a key factor in this case. *Id.* at 4.

**A. Applicability of 18 U.S.C. § 3144**

Under 18 U.S.C. § 3144,

> [i]f it appears . . . that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person . . . . . Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

District Court of Arizona General Order 11-15 further provides that "[a] material witness deposition shall be conducted within a time period ordered by the Court, but in any event, no later than thirty (30) days from the witness' initial appearance."

The Government argues that under this standard, it could not have detained the aliens because the suspects had not been identified and no criminal proceeding had been

- 6 -

initiated. Doc. 214 at 4. It appears the Government is correct. *See Bacon v. United States*, 229 F.2d 933, 940 (9th Cir. 1971) (citing Fed. R. Crim. P. 2; Fed. R. Crim. P. 6) (finding under a prior version of the material witness statute that a grand jury investigation was a criminal proceeding, in part because the Federal Rules of Criminal Procedure govern "every criminal proceeding" and the Rules establish procedures regarding grand juries); *United States v. Ermoian*, 752 F.3d 1165, 1169–72 (9th Cir. 2013) (alleged obstruction of an FBI investigation did not qualify as obstruction of an "official proceeding" under 18 U.S.C. § 1512(c)(2) because a criminal investigation was not an "official proceeding" within the meaning of § 1512(c)(2)).

**B. Federal Rules of Evidence**

But even if the Government is mistaken and it *could have* detained the passengers under 18 U.S.C. § 3144, such testimony would be irrelevant and inadmissible under Federal Rule of Evidence 403. Under Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence to determining the action." Under Federal Rule of Evidence 403, the Court can exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendant argues the Government's decision not to detain the passengers as material witnesses is relevant because the Government's case "seeks to prove the alienage and unauthorized presence of the passengers, two key elements of the conspiracy." Doc. 214 at 4. The Court disagrees that such evidence is relevant. And, even if it were relevant, such relevance would be substantially outweighed by the risk that the jury would be confused by testimony regarding the material witness statute and the Government's actions in this case. Further, such testimony could mislead the jury into concluding the Government engaged in some form of misconduct, something the defense agreed did not happen. Absent an allegation of bad faith, or more importantly, any evidence of bad faith, there is no reason to waste time or confuse the jury with an in-depth discussion of the material witness statute.

*See United States v. Dring*, 930 F.2d 687 (9th Cir. 1991) (finding that "the mere fact that the Government deports [alien witnesses] is not sufficient" to establish a constitutional violation absent a showing of bad faith and prejudice). Under Federal Rules of Evidence 401 and 403, Defendant is precluded from arguing the Government could have detained the passengers as material witnesses and chose to remove them instead or insinuating the Government acted improperly or unfairly by not detaining the passengers.

### III.     ORDER

Accordingly,

**IT IS ORDERED** granting the Government's Motion in Limine Re: A-File Documents (Doc. 186) and Supplement to Government's Motion in Limine Re: A-File Documents (Doc. 219) subject to the redactions and limitations described in this Order. The Government's proffered fingerprint expert may testify at trial subject to the Federal Rules of Evidence.

**IT IS FURTHER ORDERED** granting the Government's Motion in Limine to Preclude Argument/Evidence Regarding Undocumented Non-Citizens Not Being Detained as Material Witnesses (Doc. 214) consistent with this Order.

Dated this 5th day of February, 2025.

_____
John C. Hinderaker
United States District Judge